Commonwealth ex rel. McCant, Appellant, *v.* Rundle.

Submitted April 23, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph McCant,* appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 30, 1965:

Joseph McCant, on a plea of guilty to a murder indictment, was convicted of murder in the first degree and a sentence of life imprisonment was imposed. He has filed a petition for writ of habeas corpus averring he was denied due process in that he had no counsel at the preliminary hearing, that he did not have effective representation at his trial and that his plea of guilty was coerced. None of these reasons has merit.

The petitioner finds himself in prison for life because he fired a revolver shot at one William Harold, the bullet passed through Harold's body and struck Gloria Osborne, his partner in an immoral relationship, killing her. He contends in his petition that since he had no intention of killing Gloria Osborne his crime could not be first degree murder. First degree

murder is not the slaying of any particular person, it is the taking of the life of another, premeditatedly and with malice aforethought, regardless of the identity of the victim. If McCant, intending to kill, shot into a crowd, the resulting crime would be first degree murder even if he had never before seen his eventual homicidal victim.

In *Commonwealth v. Lyons,* 283 Pa. 327, this Court said: "The defendant's felonious assault upon his wife and murder of Humphrey were so interwoven as to be a double crime, and, on the theory that the fatal shots were intended for the wife, the guilt would be the same as though her life had been taken. *In other words, the degree of guilt is not varied because mortal violence intended for one person accidentally kills another.*" (Emphasis supplied.)

After the shooting, the petitioner voluntarily surrendered to the police and voluntarily gave a statement admitting the shooting. At the trial he freely admitted what he had done. During the trial no reference was made to the preliminary hearing. Thus, the defendant was in no way prejudiced in the adjudication of his offense by the fact that he had no counsel at the preliminary hearing. In *Com. ex rel. Butler v. Rundle,* 416 Pa. 321, this Court said: "Petitioner does not allege, nor does the record show, any consequences which flowed from the absence of counsel at the preliminary hearing. No legal right was lost; no factual or legal disadvantage was suffered. Petitioner's flat assertion is that lack of counsel at this stage of the proceedings, in itself, violates due process. Reliance is placed on Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792 (1963), by the petitioner. More closely related, of course, is White v. Maryland, 373 U. S. 59, 83 S. Ct. 1050 (1963).

"The court below rejected petitioner's assertion. Our Superior Court has ruled to the same effect. Com-

monwealth ex rel. Land v. Rundle, 202 Pa. Superior Ct. 509, 198 A. 2d 433 (1964) . . . .

"The holding of these cases is that a preliminary hearing in this Commonwealth is not ordinarily a critical stage in the proceedings against the accused. As this Court has noted, the situation in White v. Maryland, supra, is distinguishable. There the accused entered a plea of guilty at the preliminary hearing without the benefit of counsel and that plea was subsequently used against the accused at his trial after he had changed his plea to not guilty. Thus, the plea of guilty at the hearing in that case became important. These facts transformed the preliminary hearing in that instance into a critical stage.

"In the absence of unusual circumstances which transform the proceeding into a critical stage, lack of counsel at preliminary hearing in this Commonwealth does not constitute a deprivation of due process. No such transformation occurred in the instant case." See also *Commonwealth ex rel. LaRue v. Rundle,* 417 Pa. 383.

The petitioner asserts further that his attorney failed to bring into prominence the fact that the "fatal bullet passed through the body of the intended victim one William Harold, and striking an innocent party one Miss Georgia Osborne, a fatal blow. Petitioner did not aim, point or otherwise attempt to shoot the deceased." The mere repetition of this assertion as a defense discloses its utter untenability, and has already been referred to above.

Then, the petitioner declares that he was induced to change his plea from not guilty to guilty because of false promises of leniency. There is nothing in the record to support this bare assertion.

Affirmed.