## Commonwealth ex rel. Lofton, Appellant, *v.* Russell.

518

Submitted April 20, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Clarence Lofton,* appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 6, 1965:

This appeal is from an order of the Court of Common Pleas No. 5 of Philadelphia County dismissing the appellant's petition for a writ of habeas corpus.

The appellant alleges that his present confinement is illegal in that his constitutional rights have been denied. He alleges that he did not have the benefit of counsel when he gave the police a statement of his implication in a crime with the commission of which he was subsequently charged.

At the time of trial, the petitioner was represented by two attorneys. He entered a voluntary plea of guilty and no objection was raised to the introduction of his confession. In addition thereto, the appellant testified that his confession was voluntary.

The appellant cites *Jackson v. Denno,* 378 U.S. 368, as he attacks the propriety of the introduction of his confession. In *Com. ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965), we said that in *Jackson v. Denno,* supra, the trial court was well aware that the voluntariness of the confession was in question. These are not the facts in this case. Had the issue of involuntariness been called to the court's attention, or had the introduction of the confession been objected to, we would remand for a hearing, consistent with the ruling of *Jackson v. Denno.*

The appellant also raises the issues that he was not represented by counsel at the time of his arrest and at the time of his arraignment, citing *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792 (1963). We can find little merit in this contention as it is applied to the appellant. In addition thereto, we have held on many occasions that the preliminary hearing ordinarily is not a critical stage in Pennsylvania criminal proceedings. It was not in the instant case. *Com. ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965). The petitioner was represented by counsel at the time of his trial and entering a plea of guilty. There were no objections to the introduction of his pretrial statements and, finally, he testified at his trial with counsel that his pre-trial confession was voluntary.*

---

* In addition it should be noted that on two occasions after his conviction, the appellant-petitioner again testified as to his participation in the crime. See the records in *Com. v. Turner,* 367 Pa. 403, 80 A. 2d 708 (1951) and *Com. v. Turner,* 371 Pa. 417, 88 A. 2d 915 (1952).

Our examination of the record discloses no lack of judicial fairness or violation of his constitutional rights requiring the grant of the Writ.

Order affirmed.