Commonwealth ex rel. Santiago, Appellant, *v.* Myers.

Submitted September 30, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Miquel Maldonado Santiago,* appellant, in propria persona.

*William A. Peiffer,* Assistant District Attorney, and *Edward H. Carney,* District Attorney, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 9, 1965:

The appellant, after indictment and trial, was convicted by a jury of murder in the first degree and the sentence was fixed at life imprisonment. Judgment of sentence was entered on October 7, 1963. Subsequently, the appellant filed a petition for a writ of habeas corpus, which was dismissed without hearing. In his petition, appellant sets out three issues which he alleges governs the issuance of a writ of habeas corpus: (1) that his constitutional rights were violated when he was arrested, seized and searched without a warrant; (2) that he was deprived of his constitutional rights because he was without the assistance of counsel at critical stages prior to trial; (3) that his rights were violated when he was held 28 days before he was brought to his preliminary hearing.

The appellant first complains that he was arrested without a warrant, and asserts that this is grounds for the issuance of the writ. Our examination of the record reveals that the appellant was arrested only several hours after the commission of the felony and that the appellant was positively identified by 3 eyewitnesses as the person involved in the felony. In *Com. ex rel. Whiting v. Rundle,* 414 Pa. 17, 198 A. 2d 568 (1964), we held, p. 19: "Where a police officer has knowledge of facts and circumstances, which are sufficient to warrant a man of reasonable caution to believe that a

certain individual has committed a felony, he may arrest without the necessity of a prior issuance of a warrant." See also *Kerr v. Cal.*, 374 U. S. 23 (1963).

The second point raised by the appellant is that he was deprived of his constitutional rights because he was without the assistance of counsel at critical stages prior to trial. This is an all inclusive charge on pretrial procedures. The Supreme Court of the United States has held on many occasions that an accused is entitled to counsel at all critical stages of the criminal litigation. This, however, does not mean that it is error when a petitioner is without counsel at all stages in the pretrial proceedings but applies only to the critical stages of the pretrial proceedings. *Escobedo v. Illinois*, 378 U. S. 478, 84 S. Ct. 1758 (1964). In Pennsylvania, we have held on many occasions, and most recently in *Com. ex rel. Lofton v. Russell*, 418 Pa. 517, 211 A. 2d 427 (1965), that in Pennsylvania, in the absence of unusual circumstances, a preliminary hearing is not a critical stage in the pretrial procedure. Nor, as is pointed out in *Escobedo*, are the investigative stages considered critical. The appellant in this case gave a statement to the police prior to trial. At the time of the giving of this statement, the appellant did not have benefit of counsel. This statement was later introduced without objection at the appellant's trial, where he was represented by two competent lawyers. *Com. ex rel. McCant v. Rundle*, 418 Pa. 394, 211 A. 2d 460 (1965). Judgment of sentence was entered on October 7, 1963, and no appeal was taken. Inasmuch as judgment of sentence occurred prior to the effective date of *Escobedo*, as established in *Com. v. Negri*, 419 Pa. 117, 213 A. 2d 670 (1965), *Escobedo* does not apply in this case.

The third point raised by appellant is that his preliminary hearing was not held until 28 days after his arrest. In *Com. ex rel. Fox v. Maroney*, 417 Pa. 308,

207 A. 2d 810 (1965), we said that a delay in the holding of a preliminary hearing without more will not, in itself, be grounds for the granting of a writ of habeas corpus. In *Com. ex rel. Light v. Maroney*, 413 Pa. 254, 196 A. 2d 659 (1964), we ruled that there is no time limit within which a preliminary hearing must be held. The preliminary hearing must be held as soon as possible and within a reasonable time, and the time which elapses between the arrest and the preliminary hearing, of course, may not be used to coerce a confession. In this case, however, the appellant alleges the mere passage of time as grounds for granting the writ. The absence of an immediate preliminary hearing for a person arrested does not, of itself, constitute any violation of his constitutional rights. *Com. ex rel. Fox v. Maroney*, supra.

The record reveals that appellant was arrested on March 8, 1963, for murder committed hours before on March 7. He was taken before the committing magistrate on March 8 and pleaded not guilty. He was then taken to the Erie County Jail, where he was lodged. The committing magistrate originally set the preliminary hearing for March 18, 1963, but in the meantime, on March 15, the court appointed Anthony L. Gambatese, Esquire, an experienced trial lawyer, as counsel for the defendant. A hearing was held on April 4, 1963, and the defendant was represented by attorney Gambatese. At the conclusion of the hearing, appellant was held for court. He was indicted and convicted of first degree murder, after trial by jury, on September 20, 1963. In addition to being represented by attorney Gambatese, on July 28 Charles D. Cowley was appointed by the court as assistant counsel to assist Mr. Gambatese in the preparation and defense of appellant. The appellant was sentenced to life imprisonment on October 7, 1963, and did not appeal therefrom.

330

We conclude that there is nothing in the appellant's petition which would warrant the granting of the writ. The lower court correctly refused the petition without a hearing. *Com ex rel. Whiting v. Rundle,* supra.

Order affirmed.

Mr. Justice COHEN concurs in the result.