Commonwealth ex rel. Hobbs, Appellant, *v.*
Russell.

Submitted November 12, 1965.   Before Bell, C. J.,
Musmanno, Jones, Eagen, O'Brien and Roberts, JJ.

*Charles Hobbs,* appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 4, 1966:

This is an appeal from the Order of the Court of Common Pleas No. 8 of Philadelphia County denying, without hearing, defendant's petition for a writ of habeas corpus.

Relator came to trial on April 16, 1963, on two bills of indictment; one charged him with murder, and the other with voluntary and involuntary manslaughter. Prior to the introduction of any testimony and after the District Attorney had certified that in his opinion* the case rose no higher than second degree murder, relator, while represented by counsel, *pleaded guilty* to murder generally and then took the witness stand and testified in detail to this crime. This was a proper plea; under our decisions a person indicted for murder cannot plead guilty to murder of the second degree, even though that is the legal effect of his general plea. See: *Commonwealth ex rel. Andrews v. Rus-*

---

* This is not binding on the Court. *Commonwealth ex rel. Ward v. Russell,* 419 Pa. 240, 213 A. 2d 628; *Commonwealth v. Lowry,* 374 Pa. 594, 98 A. 2d 733; *Commonwealth ex rel. Johnson v. Rundle,* 411 Pa. 497, 192 A. 2d 381.

*sell*, 420 Pa. 4, 215 A. 2d 857, and cases cited therein. The trial Judge after hearing the evidence determined the crime to be that of second degree murder, and then sentenced relator to a term of not less than eight years nor more than 16 years. Thereafter, the District Attorney entered a nolle pros. to the manslaughter indictment.

Relator contends that his confession, which was given to the police and was introduced at trial, was obtained in violation of his Constitutional rights, and therefore, should have been excluded. Relator alleges in this petition that his confession was coerced and was obtained at a time when he had not been informed of his right to remain silent, and had been denied the right to counsel, although he admits that the record does not support either of his averments. He cites *Escobedo v. Illinois*, 378 U.S. 478 (1964) to support his contentions. We find no merit in any of relator's contentions.

First. Ordinarily a preliminary hearing in Pennsylvania is not a critical stage and in the absence of unusual circumstances which transform the proceeding into a critical stage, lack of counsel at a preliminary hearing does not constitute a deprivation of due process: *Commonwealth ex rel. McCant v. Rundle*, 418 Pa. 394, 211 A. 2d 460; *Commonwealth ex rel. Lofton v. Russell*, 418 Pa. 517, 211 A. 2d 427; *Commonwealth ex rel. Butler v. Rundle*, 416 Pa. 321, 206 A. 2d 283; *Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 198 A. 2d 565.

Second. Second and more important, relator's confession was admitted at his trial, where he was represented by counsel, *after he had pleaded guilty,* and neither his counsel nor he had objected to the admission of the confession. Under these facts and circumstances the admissibility of his confession cannot now be questioned: *Commonwealth ex rel. Blackshear v. Myers,* 419

**4**

Pa. 151, 213 A. 2d 378; *Commonwealth ex rel. Johnson v. Myers,* 419 Pa. 155, 213 A. 2d 359; *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670.

Order affirmed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice COHEN took no part in the consideration or decision of this case.