## Commonwealth ex rel. Andrews, Appellant, *v.* Russell.

Submitted November 9, 1965. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles E. Andrews,* appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 4, 1966:

This is an appeal from the dismissal of a petition for habeas corpus filed November 20, 1964. The petition was dismissed without a hearing by Order of the Common Pleas Court.

On April 29, 1954, relator while represented by counsel pleaded guilty and was found guilty by the Court en banc of murder in the first degree.

Relator voluntarily made a statement to the police on December 3, 1953, several hours after he had been arrested, in which he admitted the killing. This statement or confession was used at his trial, without objection by relator's counsel, for the purpose of determining the degree of murder and the penalty. Relator was sentenced to life imprisonment.

6.

Errors alleged are: (1) Relator's confession was made without benefit of counsel, (2) relator had no counsel at the preliminary hearing at which he was held by a magistrate for the grand jury, and (3) a plea of guilty to murder generally is a plea of guilty to second degree murder and the Court en banc could not therefore find relator guilty of murder in the first degree. There is no merit in any of these contentions.

Relator's first two contentions are controlled by and disposed of, adversely to him, in *Commonwealth ex rel. Johnson v. Myers,* 419 Pa. 155, 213 A. 2d 359; *Commonwealth ex rel. Blackshear v. Myers,* 419 Pa. 151, 213 A. 2d 378; *Commonwealth ex rel. Lofton v. Russell,* 418 Pa. 517, 211 A. 2d 427; *Commonwealth ex rel. McCant v. Rundle,* 418 Pa. 394, 211 A. 2d 460; *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283; *Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A. 2d 565; *Commonwealth ex rel. Hobbs v. Russell,* 420 Pa. 1, 215 A. 2d 858.

A plea of guilty to an indictment for murder constitutes an admission or confession of guilt of the crime of murder, with the degree of murder to be determined and fixed by the Court. A defendant cannot plead guilty to murder either of the first degree or of the second degree, but must plead guilty to murder generally. However, under the decisions of this Court, a plea of guilty to an indictment for murder constitutes or amounts to an admission of the crime of murder in at least the second degree, and therefore the burden is upon the Commonwealth, if it believes the crime amounted to murder in the first degree, to produce testimony legally sufficient to raise the crime to first degree. *Commonwealth v. Kurus,* 371 Pa. 633, 637, 92 A. 2d 196; *Commonwealth v. Samuel Jones,* 355 Pa. 522, 525, 50 A. 2d 317. Moreover, on an appeal, the appellate Court will accept as true all evidence which, if believed, will support the sentence. *Commonwealth ex*

*rel. Crosby v. Rundle,* 415 Pa. 81, 86, 202 A. 2d. 299; *Commonwealth v. Kirkland,* 413 Pa. 48, 58, 195 A. 2d 338.

We have read the entire record and find that there is more than sufficient evidence to support a conviction of first degree murder, and that there is no merit in any of relator's contentions.

Order affirmed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice COHEN took no part in the consideration or decision of this case.