Commonwealth ex rel. Swilley, Appellant, v. Maroney.

Submitted November 12, 1965. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Anthony R. Swilley*, appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith*, Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.*, First

Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 22, **1966**:

In 1952 relator was captured in a gun battle while trying to escape from the theatre which he had just robbed and in which he had shot and killed an usher. *While represented by counsel,* relator pleaded guilty to murder and then took the witness stand and *testified in detail to the murder.* The Court after hearing the evidence found him guilty of (felony) murder in the first degree and sentenced him to life imprisonment. He now appeals from the dismissal, without a hearing, of his petition for habeas corpus.

Relator alleges (1) a confession was made by him (a) without counsel after he had asked the police to call his family in order to obtain legal assistance and the police had refused this request,* and (b) that after he had been intimidated and abused,* he reluctantly confessed, and (2) that he attended both the preliminary hearing and the coroner's inquest without counsel, and (3) that the officer's testimony as to his confession was illegally admitted in evidence at his trial. We note (a) that relator's *testimony* was virtually identical with that given by the police officer who took his confession and (b) the testimony of that officer was admitted without objection.

In Pennsylvania, failure of an accused to be represented by counsel at a preliminary (or magistrate's) hearing or at a coroner's inquest, is not a violation of his constitutional rights, in the absence of unusual and prejudicial circumstances which transform either of these proceedings into a critical stage. *Commonwealth ex rel. Hobbs v. Russell,* 420 Pa. 1, 215 A. 2d 858; *Com-*

---

* Needless to say, such conduct, if true, was outrageous.

monwealth ex rel. McCant v. Rundle, 418 Pa. 394, 211 A. 2d 460; Commonwealth ex rel. Lofton v. Russell, 418 Pa. 517, 211 A. 2d 427; Commonwealth ex rel. Butler v. Rundle, 416 Pa. 321, 206 A. 2d 283; Commonwealth ex rel. Maisenhelder v. Rundle, 414 Pa. 11, 198 A. 2d 565. No unusual or prejudicial circumstances existed in this case.

Generally, even if relator's allegations are true as to the events which preceded the trial, his subsequent guilty plea and his detailed testimony at his trial when he was represented by counsel would have waived such alleged defects. Cf. Commonwealth ex rel. Adderley v. Myers, 418 Pa. 366, 211 A. 2d 481; Commonwealth ex rel. Hobbs v. Russell, 420 Pa. 1, 215 A. 2d 858.

In Commonwealth ex rel. Sanders v. Maroney, 417 Pa. 380, 207 A. 2d 789, the Court pertinently said (page 382) : "Appellant-petitioner does not contend, nor does the record indicate, that his plea of guilty was anything other than voluntarily and intelligently entered. On this record, the plea having been accepted by the court, the court's sole inquiry was to determine the degree of guilt and the penalty. Petitioner's 'plea constituted an admission of his guilt and of all the facts averred in the indictment; it constituted a waiver of all non-jurisdictional defects and defenses.' Commonwealth ex rel. Walls v. Rundle, 414 Pa. 53, 55, 109 A. 2d 528, 529 (1964)." Accord: United States v. Parker, 292 F. 2d 2 (6th Cir. 1961) ; United States v. Gallagher, 183 F. 2d 342 (3d Cir. 1950), cert. den., 340 U.S. 913; United States ex rel. Walls v. Rundle, 241 F. Supp. 11; United States v. Rozanc, 210 F. Supp. 900 (W.D. Pa. 1962) ; Richardson v. Baldi, 139 F. Supp. 928 (M.D. Pa. 1956);. see also 4 Wharton's Criminal Law and Procedure, §§1900-1901 (1957) ; 10 P.L.E., Criminal Law, §174.

In Commonwealth ex rel. Blackshear v. Myers, 419 Pa. 151, 213 A. 2d 378, the Court said (page 153) : "The conviction of murder generally resulted from his

own guilty plea and not [from] the challenged evidence. The voluntary plea of guilty was in itself the equivalent of a conviction by a jury verdict, and the only duty then imposed upon the court was to determine the degree of guilt and to fix the penalty."

Furthermore, no objection having been raised to the introduction of the testimony of the police officer who related defendant's confession at the trial, defendant may not now assert the invalidity of the confession. *Commonwealth ex rel. Taylor v. Maroney*, 419 Pa. 149, 213 A. 2d 355; *Commonwealth ex rel. Sanders v. Maroney*, 417 Pa. 380, 207 A. 2d 789.

Relator, who was convicted in 1952, relies upon *Escobedo v. Illinois*, 378 U.S. 478 (1964), to support his contention that his constitutional rights have been violated. We have held that *Escobedo* is not to be given retroactive application: *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670; *Commonwealth ex rel. Derry v. Rundle*, 419 Pa. 146, 213 A. 2d 349; *Commonwealth ex rel. Lawrence v. Myers*, 419 Pa. 145, 213 A. 2d 347; *Commonwealth ex rel. Corbin v. Myers*, 419 Pa. 139, 213 A. 2d 356.

For this additional reason, the admissibility of the testimony of the police officer to whom relator had confessed cannot now be successfully challenged.

We find that all of relator's contentions are devoid of merit.

Order affirmed.