## Commonwealth ex rel. Wright, Appellant, v. Cavell.

254

Submitted March 21, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Dan Wright*, appellant, in propria persona.

*William A. Peiffer*, Assistant District Attorney, and *Edward H. Carney*, District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 24, 1966:

This appeal arose by the grant of an allocatur from an Order of the Superior Court which, by an equally divided Court, affirmed an Order of the Court of Common Pleas which had dismissed, without a hearing, relator's petition for a Writ of Habeas Corpus. *Commonwealth ex rel. Wright v. Cavell*, 207 Pa. Superior Ct. 714, 214 A. 2d 514 (1965).

Relator was arrested for alleged larceny. He gave an incriminating statement to the police and thereafter had a hearing before an Alderman on December 14,

1959, and again on January 19, 1960. On none of these occasions was he represented by counsel.

On January 28, 1960, the Grand Jury found true bills against relator in both cases. On February 1, *1960,* relator appeared in Court when the criminal list was called preliminarily, and pleaded guilty. At this time, according to the opinion of the lower Court, relator was asked if he wanted a Court-appointed attorney and his answer was "No." Relator specifically denies this and alleges that the District Attorney merely said, "You had better get yourself an attorney."

On February 11, 1960, relator was called for sentencing, at which time the following appears of record:

"February 11, 1960.

"The Defendant, Dan Wright, appeared in open court, and was not represented by counsel. On examination by the Court, defendant replied as follows: Q. Do you have an attorney to represent you? A. No, sir. Q. Do you want to hire an attorney of your own choosing? A. No, sir. Q. Do you want the Court to appoint an attorney to represent you? A. No, sir. Q. You realize the seriousness of entering a plea of guilty to the crime of larceny by bailee? A. Yes, sir. Q. You are still very willing to plead guilty to that charge without the benefit of an attorney? A. Yes, sir. The Court: Transcribe and file that as a matter of record."

We repeat, on none of these occasions was relator represented by counsel.

Relator contends that (1) he requested and was denied counsel during questioning by police at which time he made a statement which was later used against him in sentencing proceedings; (2) the Alderman refused to honor his request for counsel; (3) he did not intelligently waive his right to counsel at the time he pleaded guilty; (4) he did not intelligently plead

guilty, thus waiving a jury trial; and (5) he did not understand the nature of the crime of larceny by bailee and no one explained or defined it to him.

Relator relies upon (1) *Escobedo v. Illinois,* 378 U.S. 478, and (2) *Gideon v. Wainwright,* 372 U.S. 335, to support his contention that he was deprived of his constitutional rights.

Nowhere in the record in the trial proceedings nor in any record prior to relator's present habeas corpus petition, does it appear that relator requested or was denied counsel during police interrogation or at either hearing before the Alderman. Assuming arguendo that relator's present allegation is true, *Escobedo* has been held by this Court not to be retroactive in effect. *Commonwealth ex rel. Swilley v. Maroney,* 420 Pa. 419, 218 A. 2d 242; *Commonwealth ex rel. Derry v. Rundle,* 419 Pa. 146, 213 A. 2d 349; *Commonwealth ex rel. Lawrence v. Myers,* 419 Pa. 145, 213 A. 2d 347; *Commonwealth ex rel. Corbin v. Myers,* 419 Pa. 139, 213 A. 2d 356; *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670. See *Johnson v. New Jersey,* 384 U.S. 719 (filed 6/20/66), 34 L.W. 4592.

Furthermore, even if relator's request for counsel before the Alderman had been denied, that hearing was not a "critical stage" in the proceedings in Pennsylvania. *Commonwealth ex rel. Swilley v. Maroney,* 420 Pa., supra; *Commonwealth ex rel. Hobbs v. Russell,* 420 Pa. 1, 215 A. 2d 858; *Commonwealth ex rel. McCant v. Rundle,* 418 Pa. 394, 211 A. 2d 460; *Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A. 2d 565.

The above quoted colloquy between the Judge and the relator prior to sentencing clearly shows that relator could have had private or Court-appointed counsel but did not wish to have one and further that he wished to plead guilty at this crucial time, viz., his sentencing in Court. Relator does not allege, nor does the record

show, any prejudicial consequences which resulted from the absence of counsel at any of the aforesaid times.

Relator must therefore depend upon *Gideon v. Wainwright,* 372 U.S. 335, which undoubtedly confers upon indigent defendants the right to counsel in State criminal proceedings. This rule applies whenever a critical stage is reached, where rights may be preserved or lost. *White v. Maryland,* 373 U.S. 59. The only critical stage in this case was at the trial when (a) relator pleaded guilty and (b) was sentenced. *Commonwealth ex rel. Johnson v. Maroney,* 416 Pa. 451, 206 A. 2d 322; *Commonwealth ex rel. Goodfellow v. Rundle,* 415 Pa. 528, 204 A. 2d 446; *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439. In *Commonwealth ex rel. Johnson v. Maroney,* supra, the Court pertinently said (page 452) : "A hearing on a guilty plea or at the time of sentencing is a 'critical stage' in the proceedings against the accused, at which the accused is entitled to be represented by counsel." However, this right to counsel may be waived if the waiver is voluntarily understandingly and intelligently made by the accused. *Miranda v. Arizona,* 384 U.S. 436, 34 L.W. 4521; *Carnley v. Cochran,* 369 U.S. 506; *Rice v. Olson,* 324 U.S. 786; *Johnson v. Zerbst,* 304 U.S. 458; *Commonwealth ex rel. Johnson v. Maroney,* 416 Pa., supra.

In *Carnley v. Cochran,* 369 U.S., supra, the Court, quoting from *Johnson v. Zerbst,* 304 U.S., supra, page 465, said (page 514):

" 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial Judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly de-

termined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.' "

The burden of showing a voluntary understanding and intelligent waiver of counsel is on the Commonwealth where the record is silent, or indicates that there was no understanding and intelligent waiver: *Carnley v. Cochran*, 369 U.S., supra; *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa., supra. However, where relator refused to have the Court appoint a lawyer to represent him and this refusal appears of record, the accused must show by a preponderance of the evidence that the waiver was not understandingly and intelligently made by him. *Carnley v. Cochran*, 369 U.S. 506, 516; *Moore v. Michigan*, 355 U.S. 155; *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa., supra; *Commonwealth ex rel. McCray v. Rundle*, 415 Pa. 65, 202 A. 2d 303.

After a careful consideration of the record, including the above quoted colloquy between the relator and the Court, we believe that relator was not deprived of any of his Constitutional rights.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.