## Commonwealth ex rel. Cherry, Appellant, v. Cavell.

Submitted April 22, 1966. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

284

*William Cherry,* appellant, in propria persona.

*Joseph M. Smith,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 24, 1966:
This is an appeal from the Order of the Court of Common Pleas No. 9 of Philadelphia County, dismissing without hearing Cherry's petition for a writ of habeas corpus. Relator while represented by counsel pleaded guilty to a charge of murder. The Court found him guilty of murder in the first degree, and fixed the sentence at life imprisonment. Relator contends that he was denied his constitutional rights because he did not have counsel at the time of his arrest, preliminary hearing and arraignment. *Relator does not contend that his plea of guilty was not intelligently made or that it was coerced.* We find no merit in relator's contention.

In *Commonwealth ex rel. Swilley v. Maroney,* 420 Pa. 419, 218 A. 2d 242, we said (pages 420-421) :
"In Pennsylvania, failure of an accused to be represented by counsel at a preliminary (or magistrate's) hearing or at a coroner's inquest, is not a violation of his constitutional rights, in the absence of unusual and prejudicial circumstances which transform either of these proceedings into a critical stage. Commonwealth ex rel. Hobbs v. Russell, 420 Pa. 1, 215 A. 2d 858; Commonwealth ex rel. McCant v. Rundle, 418 Pa. 394,

211 A. 2d 460; Commonwealth ex rel. Lofton v. Russell, 418 Pa. 517, 211 A. 2d 427; Commonwealth ex rel. Butler v. Rundle, 416 Pa. 321, 206 A. 2d 283; Commonwealth ex rel. Maisenhelder v. Rundle, 414 Pa. 11, 198 A. 2d 565. No unusual or prejudicial circumstances existed in this case."

Furthermore, relator's guilty plea in open Court is a confession of guilt of the crime or crimes with which he is charged in the indictment and also constitutes a waiver of all nonjurisdictional defects and defenses. *Commonwealth ex rel. Ward v. Russell,* 419 Pa. 240, 213 A. 2d 628; *Commonwealth ex rel. Swilley v. Maroney,* 420 Pa., supra; *Commonwealth ex rel. Hobbs v. Russell,* 420 Pa. 1, 215 A. 2d 858; *Commonwealth ex rel. Adderley v. Myers,* 419 Pa. 536, 215 A. 2d 624; *Commonwealth ex rel. Sanders v. Maroney,* 417 Pa. 380, 207 A. 2d 789; *Commonwealth ex rel. Walls v. Rundle,* 414 Pa. 53, 198 A. 2d 528; *Commonwealth ex rel. Parker v. Myers,* 414 Pa. 427, 200 A. 2d 770.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.