## Commonwealth ex rel. Finnie, Appellant, *v.* Russell.

314

Submitted May 23, 1966. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Albert Finnie*, appellant, in propria persona.

*Leslie B. Handler*, Assistant District Attorney, and *LeRoy S. Zimmerman*, District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 24, 1966:

Relator appeals from an Order by the Court of Common Pleas which dismissed, without a hearing, his petition for a writ of habeas corpus.

On June 4, 1963, relator while represented by two Court-appointed counsel, changed his plea of not guilty and pleaded guilty to murder. At a subsequent hearing before the Court en banc in which he was represented by two attorneys, he was convicted of murder in the first degree and sentenced to life imprisonment. On July 1, 1964,* this Court unanimously affirmed his conviction and sentence.

In addition to those issues which he presented in the Court of Common Pleas sur his petition for this writ, relator raises for the first time the following issues and contentions. He was arrested without a warrant; arresting officers searched his apartment with-

---

* *Commonwealth v. Finnie*, 415 Pa. 166, 202 A. 2d 85, where the facts of the killing appear in detail. See also *Johnson v. New Jersey*, 384 U.S. 719, filed 6/20/66, 34 L.W. 4592.

out a search warrant; they did not explain the charges to him; he was held for five days before his preliminary hearing; he was not given a copy of the indictment; the prosecution was not carried on in the name of and by the authority of the Commonwealth of Pennsylvania and [the indictment] did not conclude with the words "against the peace and dignity of the same"; the prosecuting attorney did not protect the rights of the accused; the Judges did not uphold the Constitutions of the United States and of Pennsylvania; the police withheld evidence which would have benefitted relator; defense counsel did not adequately defend and protect his client; witnesses for the prosecution were not competent; his confession was coerced. Although the general rule is that appellate Courts will not review issues and contentions not raised in the Court below, *Commonwealth ex rel. Bell v. Rundle*, 420 Pa. 127, 216 A. 2d 57, we nonetheless have considered them and they are completely without substance.

Relator contended before the Court of Common Pleas and raises in this appeal the contention that he was deprived of his Constitutional rights for the following reasons:

(1) An unsigned confession, which was obtained when relator was not represented by counsel, was used against relator at the hearing to determine the degree of the crime and the penalty. (2) Relator was not informed of his Constitutional rights at the time of his interrogation by the police. (3) Relator was not afforded counsel at his preliminary hearing at which time he entered a plea of not guilty.

Relator's guilty plea in open Court while represented by counsel is a confession of guilt of the crime or crimes with which he is charged in the indictment and also constitutes a waiver of all nonjurisdictional defects and defense. *Commonwealth ex rel. Ward v. Russell*, 419 Pa. 240, 213 A. 2d 628; *Commonwealth ex rel.*

*Swilley v. Maroney*, 420 Pa. 419, 218 A. 2d 242; *Commonwealth ex rel. Hobbs v. Russell*, 420 Pa. 1, 215 A. 2d 858; *Commonwealth ex rel. Adderley v. Myers*, 419 Pa. 536, 215 A. 2d 624; *Commonwealth ex rel. Sanders v. Maroney*, 417 Pa. 380, 207 A. 2d 789; *Commonwealth ex rel. Walls v. Rundle*, 414 Pa. 53, 198 A. 2d 528; *Commonwealth ex rel. Parker v. Myers*, 414 Pa. 427, 200 A. 2d 770.

*Even more important, relator's statement or "confession" was repeated by relator in its entirety at his trial when he took the stand in his own defense,* and his testimony would unquestionably have waived any of the defects of which he now complains. *Commonwealth ex rel. Swilley v. Maroney*, 420 Pa., supra; *Commonwealth ex rel. Hobbs v. Russell*, 420 Pa., supra.

Relator's third contention is disposed of adversely to him by *Commonwealth ex rel. Swilley v. Maroney*, 420 Pa., supra. Therein we pertinently said (pages 420-421) :

"In Pennsylvania, failure of an accused to be represented by counsel at a preliminary (or magistrate's) hearing or at a coroner's inquest, is not a violation of his constitutional rights, in the absence of unusual and prejudicial circumstances which transform either of these proceedings into a critical stage. Commonwealth ex rel. Hobbs v. Russell, 420 Pa. 1, 215 A. 2d 858; Commonwealth ex rel. McCant v. Rundle, 418 Pa. 394, 211 A. 2d 460; Commonwealth ex rel. Lofton v. Russell, 418 Pa. 517, 211 A. 2d 427; Commonwealth ex rel. Butler v. Rundle, 416 Pa. 321, 206 A. 2d 283; Commonwealth ex rel. Maisenhelder v. Rundle, 414 Pa. 11, 198 A. 2d 565. No unusual or prejudicial circumstances existed in this case."

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.