Commonwealth *v.* McCant, Appellant.

Submitted November 14, 1966. Before BELL, C.J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph McCant,* appellant, in propria persona.

*Gordon Gelfond* and *Alan J. Davis,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 14, 1967:

On October 25, 1954, the appellant, Joseph McCant, while represented by counsel, plead guilty generally to the charge of murder. After hearing, a three judge court found him guilty of murder in the first degree and imposed a sentence of life imprisonment. No appeal from the judgment was entered.

In March 1964, McCant instituted an action in habeas corpus which the trial court dismissed. On appeal, we affirmed, 418 Pa. 394, 211 A. 2d 460 (1965).

In March 1966, McCant instituted proceedings under the Post Conviction Hearing Act,[1] which the trial court dismissed without hearing. An appeal from that order is presently before us.

McCant now contends that he was denied his statutory right to appeal from the judgment of sentence and his constitutional right to the assistance of counsel in perfecting and prosecuting such an appeal, because his trial counsel refused his request to file an appeal only because he was a pauper and without funds to pay the cost thereof.

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq.

There is no doubt that McCant, having been convicted of murder in the first degree, had an absolute right to direct appellate review of the judgment even though he entered a plea of guilty to the indictment. See, Act of February 15, 1870, P.L. 15 §1, 19 P.S. §1186; *Commonwealth v. Smith,* 405 Pa. 456, 176 A. 2d 619 (1962); and, *Commonwealth v. Elliott,* 371 Pa. 70, 89 A. 2d 782 (1952). Likewise, he had the constitutional right to the assistance of counsel in the perfecting and prosecution of the appeal: *Commonwealth ex rel. Scoleri v. Myers,* 423 Pa. 558, 225 A. 2d 540 (1967). However, since his admission of guilt before the court was, of itself, sufficient to sustain a conviction of the offense of murder in the second degree (*Commonwealth ex rel. Andrews v. Russell,* 420 Pa. 4, 215 A. 2d 857 (1966)), the only issues available to him on direct appellate review would have been the validity of the plea and the lawfulness of the sentence. See, *Commonwealth ex rel. Davis v. Russell,* 422 Pa. 223, 220 A. 2d 858 (1966).

An examination of the record discloses compelling reasons why these issues are now foreclosed.

The legality of the sentence and the sufficiency of the evidence to sustain a finding of guilty of murder in the first degree was challenged and adjudicated against McCant in the habeas corpus action related hereinbefore. See, 418 Pa. 394, 211 A. 2d 460 (1965). This issue will not again be adjudicated here. The record further discloses that McCant personally testified during the plea proceedings and admitted committing the unlawful killing with which he was charged. Under such circumstances, the validity of the plea cannot now be attacked.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.