Commonwealth *v.* Frye, Appellant.

474

Argued October 8, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

**476**

*Anthony C. Troiano,* Assistant Trial Defender, with him *George H. Ross,* Director, for appellant.

*Charles B. Watkins,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 23, 1969:

On January 25, 1967, a jury found Edward Frye guilty of murder in the second degree. The Court en banc dismissed defendant's motions for a new trial and in arrest of judgment. On February 5, 1967, Frye was sentenced to the Western Pennsylvania Diagnostic Clinic for a term of not less than five nor more than fifteen years. This appeal followed.

Defendant and the victim, Robert Alston, were roommates and both worked as bellboys at a golf club. On the night of Alston's death, defendant and Alston had argued at a local bar and also in their room. Tenants at the same apartment or rooming house testified that during the argument defendant chased Alston to the second floor with a knife in his hand. After the two men were separated by tenants, defendant and Alston returned to their room on the third floor. Defendant testified that Alston then attacked him and that during the fight Alston was accidentally cut by defendant's knife. On the other hand, the Commonwealth contends that on their return to the third floor

room defendant stabbed Alston and after the stabbing Alston ran from the house to a nearby service station, where he collapsed. Defendant went looking for Alston and found him at the service station. Defendant then accompanied Alston in the police ambulance to the hospital "giving the police the impression that he was Alston's brother." Since Alston was unable to speak, homicide detectives sought information from defendant, who told them that Alston had been stabbed. The Commonwealth proved that defendant, in response to a question by Detective DiMaria, "Did you stab this Man?" responded, "Yes, if you want to know the truth. Yes, I did it." At this point defendant was warned of his Constitutional rights and was placed under arrest.

Defendant advances twelve arguments in support of his appeal.

Defendant contends that he was unlawfully arrested without a warrant. The record reveals, however, that at the time defendant was arrested the arresting officer knew that a felony had been committed (Alston had been stabbed) and had probable cause to believe that defendant had committed the stabbing since defendant had chased Alston with a knife in his hand and after the stabbing, and immediately preceding arrest, had *voluntarily* admitted to the officer that he had stabbed Alston. Under these facts and circumstances an arrest without a warrant is valid. *Commonwealth v. Goslee*, 427 Pa. 403, 234 A. 2d 849. The law is well established that warrantless arrests must be predicated upon probable cause and probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to justify a reasonable belief that an offense has been or is being committed and that the person to be arrested has committed or is committing

the offense. *Commonwealth v. Goslee,* 427 Pa., supra; *Commonwealth v. Ellsworth,* 421 Pa. 169, 218 A. 2d. 249; *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304.

Defendant next contends that there was an unlawful search of the premises in which he resided, and that evidence unlawfully obtained during the search was used against him at the trial. The record reveals, however, that the search was not of the apartment owned, leased or occupied by defendant but of a first floor apartment, which defendant occasionally visited, and of the passageways, stairways and landings of the building which were used in common by all the apartment building tenants. This search of such premises without a warrant is not a violation of defendant's Constitutional rights. Moreover, there was no pretrial motion to suppress this evidence, and no objection to its admission was made at the trial.

Defendant also complains of the Court's denial of his request for a bill of particulars. The record shows that the request was not made to the Court below, but was filed with the Clerk of Courts and the District Attorney. The bill of particulars was never submitted to the Court for approval in accordance with Rule 221(b) of the Pennsylvania Rules of Criminal Procedure. In any event, the granting of a bill of particulars is within the discretion of the lower Court. Moreover, Rule 221(c) provides that "When an application for relief is made, the Court may make such orders as it deems necessary in the interests of justice." Not only was Rule 221(b) not complied with, but we further find that a bill of particulars in this case was unnecessary in the interests of Justice and there was no reversible error.

Defendant next contends that his Constitutional rights were violated because he did not have counsel at the preliminary hearing. Under the facts in this

case, there is no merit in this contention. The law in Pennsylvania is well settled. In *Commonwealth ex rel. Swilley v. Maroney*, 420 Pa. 419, 218 A. 2d 242, we said (pages 420-421). "In Pennsylvania, failure of an accused to be represented by counsel at a preliminary (or magistrate's) hearing or at a coroner's inquest, is not a violation of his constitutional rights, in the absence of unusual and prejudicial circumstances which transform either of these proceedings into a critical stage. Commonwealth ex rel. Hobbs v. Russell, 420 Pa. 1, 215 A. 2d 858; Commonwealth ex rel. McCant v. Rundle, 418 Pa. 394, 211 A. 2d 460; Commonwealth ex rel. Lofton v. Russell, 418 Pa. 517, 211 A. 2d 427; Commonwealth ex rel. Butler v. Rundle, 416 Pa. 321, 206 A. 2d 283; Commonwealth ex rel. Maisenhelder v. Rundle, 414 Pa. 11, 198 A. 2d 565. No unusual or prejudicial circumstances existed in this case."

Defendant also contends that his Constitutional rights were violated because his confession (of the stabbing) which he gave the police was involuntary and was given without the required Constitutional warnings. Rule 323 of the Pennsylvania Rules of Criminal Procedure provides, in pertinent part: "If timely application is not made hereunder, the issue of the admissibility of [the confession on this ground] shall be deemed to be waived."* The defendant, however, is not precluded by this Rule from attacking the confession at trial on the ground that it was not voluntarily made. In this case, no application or petition or motion for a *Jackson-Denno* hearing was made by defendant prior to trial, and consequently defendant's right to suppress this confession or challenge its voluntariness at pretrial was waived. However, the voluntariness of defendant's confession of the stabbing was properly submitted to the jury for determination un-

---

* A slight modification in the language of this provision of Rule 323 was promulgated, effective February 3, 1969.

der adequate instructions. It is conceded that this inculpatory admission or confession by defendant was made without prior warning of his rights under *Escobedo v. Illinois,* 378 U.S. 478, and *Miranda v. Arizona,* 384 U.S. 436, as construed and limited by *Johnson v. New Jersey,* 384 U.S. 719. However, as in the case of *Commonwealth v. Jefferson,* 423 Pa. 541, 545, 226 A. 2d 765, when defendant made his statement or confession to the police officer (a) he was not under arrest; (b) he was not in police custody; (c) he was a visitor at the hospital where his friend, the victim, had been brought after the stabbing and who was unable to talk; and (d) the police investigation had not yet begun to focus on him and the "adversary system" had not yet begun to operate. *Escobedo v. Illinois,* 378 U.S., supra. In *Escobedo,* the Court said (page 492) : ". . . We hold only that when the process shifts from investigatory to accusatory—when its *focus** is on the accused and its purpose is to elicit a confession—our *adversary system** begins to operate, and, under the circumstances here, the accused must be permitted to consult with his lawyer." As soon as defendant admitted the stabbing, he was informed of his Constitutional rights as required by *Miranda v. Arizona,* supra.

Defendant also contends that his trial counsel did not give him adequate representation before or during the trial. However, we find no reason to disagree with the trial Judge's observations and assessment of defense counsel's performance in defendant's behalf. These appear of record in the trial transcript as follows: "Mr. Frye, I say to you very sincerely, I think that Mr. Harper has done a tremendous job for you and I compliment him for that." The trial Judge's summation of defense counsel's performance was made after the jury returned its verdict. Nor do we find

---

* Italics, ours.

any merit in the contention that defense counsel's right of cross-examination was seriously limited, or defendant's claim of denial of his right of assistance of counsel in perfecting an adequate appeal, because his first counsel did not feel there was anything to argue on appeal. It is a sufficient answer to this contention (1) that defendant did take a direct appeal which is now before us and gives him a thorough review of all the numerous contentions he now makes and (2) that in this appeal he is being represented by able counsel.

Defendant also raises the question of the sufficiency of the evidence to support the jury's finding of guilty of murder in the second degree. It is hornbook law that the test of the sufficiency of the evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. *Commonwealth v. Finnie*, 415 Pa. 166, 202 A. 2d 85; *Commonwealth v. Burns*, 409 Pa. 619, 634, 187 A. 2d 552; *Commonwealth v. Kravitz*, 400 Pa. 198, 161 A. 2d 861; *Commonwealth v. Williams*, 432 Pa. 557, 248 A. 2d 301 (1968). Accepting as true, as we must, all of the credible and competent evidence, together with all reasonable inferences therefrom, it was undoubtedly adequate to prove defendant's guilt beyond a reasonable doubt and to support the jury's verdict.

We find no merit in any of defendant's contentions.

Judgment of sentence affirmed.

Mr. Justice COHEN, Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.

Concurring Opinion by Mr. Justice O'Brien:

I concur in the result reached by the majority, but disagree with much of the reasoning. First, although I agree that it was not error for the court below to admit the evidence seized in the search of the apartment building in which appellant resided, this is for the sole reason that there was neither a motion to suppress under Rule 2001 of the Rules of Criminal Procedure nor an objection at trial to the admission of the evidence.

Second, I strongly disagree with the statement of the majority that "as soon as defendant admitted the stabbing, he was informed of his constitutional rights as required by Miranda v. Arizona [384 U.S. 436, 86 S. Ct. 1602 (1966)]." On the contrary, neither at that time nor at any other time was he advised that a lawyer would be appointed to represent him if he was indigent. *Commonwealth v. Sites,* 427 Pa. 486, 235 A. 2d 387 (1967). Although the majority does not discuss it, appellant signed a written statement, which was admitted into evidence over his objection. I agree with the court below that the statement was properly admitted, but only for the reason that no motion to suppress was timely made under Rule 324 of the Rules of Criminal Procedure. *Commonwealth v. Eckhart,* 430 Pa. 311, 242 A. 2d 271 (1968).

Mr. Justice Jones joins in this opinion.