**Commonwealth v. Shaw**

*Diane Shaffer, assistant district attorney,* for Commonwealth.

*Kenneth A. Kasenter, assistant public defender,* for defendant.

MOTTO, *P.J.,* July 14, 2005—The defendant is seeking to suppress evidence found on his person when he was searched as the result of an arrest made of the defendant. The contention is that the evidence retrieved from the defendant's person must be suppressed because there was no probable cause to effectuate an arrest of the defendant.

On March 16, 2005, New Castle Police Officer Robert Salem was conducting surveillance in the area of 1108 Pin Oak Drive in the City of New Castle, which is an area that is a known high drug traffic area. The police officer viewed a red Chevrolet Berretta with two white

male occupants pull up in front of 1108 Pin Oak Drive. A black male, not the defendant, approached the vehicle and the officer viewed a transaction between the driver of the vehicle and the black male. The defendant, wearing blue jeans and a yellow jacket, was standing near the black male during the transaction, but did not engage in the transaction. When the vehicle left the area, the police officer effectuated a traffic stop. The driver of the vehicle consented to a search of the vehicle and a unit of suspected crack cocaine was found therein. The driver then gave the officer a statement stating that he purchased the crack cocaine from the black male, not the defendant, for $20. Thereafter, several New Castle police officers, including Officer Salem, went to the area of 1108 Pin Oak Drive to locate the black male who engaged in the drug transaction and the defendant who had been standing nearby. These individuals were located, wearing the same clothes and standing in front of 1108 Pin Oak Drive. The officers approached and ordered the defendant and the other black male to the ground. The black male who had been involved directly in the transaction ran away but was apprehended and placed in custody. New Castle Police Officer Lucian Paglia detained the defendant at the scene, and when asked his name, the defendant gave the name of "Kevin Hamilton" and indicated that he was from Detroit, Michigan. The defendant was transported to the New Castle Police Department where he was searched. Found in the defendant's inside jacket pocket were two plastic baggies containing approximately 35 individually wrapped packets of cocaine weighing approximately eight grams and $800 in United States currency was found in the defendant's left front pocket. The defendant then gave the police officers

his correct name of James Shaw Jr. The defendant was charged with possession with intent to deliver and possession of a controlled substance.

Based upon these facts, the issue is whether or not the police officers had probable cause to arrest the defendant. The police officer did testify that it has become a common practice for drug dealers to utilize juveniles to effectuate the drug transaction instead of themselves because juveniles are likely to receive less severe punishment in the juvenile system. The Commonwealth relies upon the fact that this was a high crime area and the defendant was standing in close proximity to the black male juvenile who effectuated the drug transaction.

In order for a warrantless arrest to be constitutionally valid, it must be supported by probable cause. *Commonwealth v. Evans,* 546 Pa. 417, 685 A.2d 535 (1996). In addition, the totality of the circumstances must be considered when determining probable cause in a warrantless arrest. *Commonwealth v. Banks,* 540 Pa. 453, 658 A.2d 752 (1995). In order to determine if probable cause existed, the standard of review must be determined and applied to this set of facts.

"Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Commonwealth v. Gibson,* 536 Pa. 123, 130, 638 A.2d 203, 206 (1994). "[V]iewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training." *Commonwealth v. Norwood,* 456 Pa. 330, 334, 319 A.2d 908, 910 (1974).

The Pennsylvania Supreme Court has stated the mere fact that appellant, who was present near the scene of the crime, had a record of prior arrests known to the arresting officer would not, standing alone, furnish probable cause to arrest. *Commonwealth v. Goslee,* 427 Pa. 403, 407, 234 A.2d 849, 851 (1967).

Applying the facts to this case the court must determine if the actions of the defendant were significant enough to reach the level of probable cause. In order to decide this issue the court must look at the totality of the circumstances. In this case the defendant was observed at the scene of a drug deal. He was standing next to the vehicle in which the transaction took place; however, the defendant did not participate in the drug transaction. The prosecution uses the fact that the area is a known drug trafficking area and the close proximity of the defendant to the crime that was taking place to argue probable cause.

The police officer witnessed the drug transaction. He testified that the defendant was standing next to the car and was not involved directly with the transaction between the black male and the driver. The prosecution insists that juveniles are used to sell drugs in the place of adults because the punishment may be less severe. This may be the method used in most situations, but, in this particular case, there was no evidence at the time of arrest to justify probable cause that the defendant was involved in the crime. The evidence does not indicate any sort of transaction between the defendant and the black male or the driver of the vehicle.

The court in this case is not persuaded that probable cause exists in this circumstance. The court in *Goslee* clearly stated that presence at the scene of the crime is not enough by itself to constitute probable cause. Since

the defendant's activities were limited to standing beside the vehicle and not being a party to the drug transaction, his actions fall short of creating probable cause. Although the court does not deny the prudent and insightful work of the police officer in arresting the two suspects, there was no evidence of illegal activities conducted by the defendant to justify probable cause and a warrantless search.

Since mere presence at the scene of a crime is not enough to make a warrantless arrest, the officer lacked probable cause to detain the defendant. Therefore, the court must grant the defendant's motion to suppress evidence found after he was arrested.

## ORDER

And now, July 14, 2005, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that defendant's omnibus pretrial motion in the nature of a motion to suppress evidence is granted and all evidence seized from the defendant's person is suppressed and cannot be used against defendant at any proceeding in this case.