J-S12036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TROY W. DAVID, | : | |
| | : | |
| Appellant | : | No. 1893 EDA 2015 |

Appeal from the PCRA Order May 13, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1217401-1984

BEFORE:   MUNDY, OLSON, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.: **FILED MARCH 22, 2016**

Troy W. David (Appellant) *pro se* appeals *in forma pauperis* (IFP) from the May 13, 2015 order that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We reverse the PCRA order, vacate Appellant's judgment of sentence, and remand for resentencing.

In 1986, Appellant was sentenced to life imprisonment without possibility of parole following his conviction for second-degree murder based upon events that took place when Appellant was 17 years old.  The order from which Appellant filed the instant appeal denied his request for PCRA relief based upon the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), in which the Court held unconstitutional mandatory sentences of life imprisonment without possibility of parole

____

*Retired Senior Judge assigned to the Superior Court.

imposed upon individuals who were juveniles at the time they committed homicides. The PCRA court determined that Appellant did not properly invoke the newly-recognized-constitutional-right exception to the PCRA's one-year timeliness requirement provided in 42 Pa.C.S. §9545(b)(1)(iii) because our Supreme Court held in **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), that **Miller** does not apply retroactively.

While this appeal was pending, the U.S. Supreme Court decided in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), that **Miller** announced a new substantive rule of law which applies retroactively. Thereafter, this Court held that **Montgomery** renders "retroactivity under **Miller** effective as of the date of the **Miller** decision." **Commonwealth v. Secreti**, 2016 Pa. Super. 28, 2016 WL 513341 at *5 (Pa. Super. filed February 9, 2016).

Under **Secreti**, Appellant's PCRA petition meets the timeliness exception provided by 42 Pa.C.S. § 9545(b)(1)(iii). Under **Miller**, **Montgomery**, and **Secreti**, Appellant is entitled to PCRA relief in the form of resentencing following judicial consideration of appropriate age-related factors. **See Commonwealth v. Batts**, 66 A.3d 286, 297 (Pa. 2013).[1]

---

[1] [A]t a minimum [the sentencing court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug

Appellant is entitled to the assistance of counsel for his resentencing proceedings. ***Com. ex rel. Wright v. Cavell***, 220 A.2d 611, 614 (Pa. 1966) (noting that sentencing is a critical stage of a criminal proceeding at which a criminal defendant has a constitutional right to counsel). Because Appellant has established his indigency in order to proceed IFP, the trial court upon remand shall appoint counsel to represent Appellant.

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/22/2016

---

and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

***Batts***, 66 A.3d at 297 (quoting ***Commonwealth v. Knox***, 50 A.3d 732, 745 (Pa. Super. 2012)).

[2] Given our disposition, two Appellant's Applications for Leave to File Post-Submission Communications are denied as moot.