J. S61012/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :              PENNSYLVANIA
                v.                      :
                                     :
EDWARD WALLS,                     :             No. 2001 WDA 2013
                                     :
                Appellant       :

Appeal from the PCRA Order, December 11, 2013
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0008331-1996

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED MARCH 30, 2016**

Edward Walls filed a petition for allowance of appeal with our supreme court from our unpublished memorandum affirming the trial court order denying his third petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  The Supreme Court of Pennsylvania remanded for further proceedings consistent with ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718 (2016).  Accordingly, we reverse and remand for resentencing.

On March 6, 1997, a jury convicted appellant of one count of criminal homicide, and other related crimes.  The charges related to a May 25, 1996 drive-by shooting in which the victim sustained a fatal gunshot wound to the head.  Appellant, who was 15 years old at the time of the incident, was sentenced to the mandatory term of life imprisonment without the possibility

---

* Retired Senior Judge assigned to the Superior Court.

of parole on the criminal homicide charge, and an aggregate of 10 years, 9 months to 45 years' imprisonment on the remaining counts.

On August 11, 1999, this court affirmed the judgment of sentence. **Commonwealth v. Walls**, No. 1121 Pittsburgh 1997, unpublished memorandum (Pa.Super. filed August 11, 1999). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Appellant filed two PCRA petitions which were dismissed.

On June 25, 2012, the United States Supreme Court subsequently handed down **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455 (2012), which held that sentencing a person who was a juvenile at the time of the offense to a mandatory term of life imprisonment without parole for homicide violated the Eighth Amendment's restriction on cruel and unusual punishment.

On July 5, 2012, appellant filed his third PCRA petition, alleging that the after-recognized constitutional right exception to the PCRA's one-year statutory time-bar applied, invoking **Miller**. The PCRA court dismissed appellant's petition on December 11, 2012, holding that **Miller** did not apply retroactively based on our supreme court's decision in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). We affirmed. **Commonwealth v. Walls**, No. 2001 WDA 2013, unpublished memorandum (Pa.Super. filed November 10, 2014). Appellant petitioned our supreme court for an allowance of appeal on July 29, 2014. In light of the United States Supreme

Court's recent decision in **Montgomery**, the Pennsylvania Supreme Court remanded this case to this court for further proceedings consistent with **Montgomery** on February 17, 2016. **See Commonwealth v. Walls**, 2016 WL 634109 (Pa. 2016).

After the United States Supreme Court's holding in **Montgomery**, **Cunningham**'s tenet that **Miller** cannot be applied retroactively is no longer good law in Pennsylvania. **See Commonwealth v. Secreti**, 2016 WL 513341 (Pa.Super. 2016) (interpreting **Montgomery** as making retroactivity under **Miller** effective as of the date of the **Miller** decision).

Here, the trial court sentenced appellant, who was 15 years old at the time of the offense, to a mandatory sentence of life imprisonment without the possibility of parole. In light of the United States Supreme Court's recognition in **Miller** that such a sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment, and the Court's recent retroactive application of **Miller** in **Montgomery**, we reverse the trial court's order and remand for resentencing.

Appellant is entitled to the assistance of counsel for his resentencing proceedings. **Com. ex rel. Wright v. Cavell**, 220 A.2d 611, 614 (Pa. 1966) (noting that sentencing is a critical stage of a criminal proceeding at which a criminal defendant has a constitutional right to counsel). Because appellant has established his indigency in order to proceed IFP, the trial court upon remand shall appoint counsel to represent appellant.

J. S61012/14

Order reversed. Remanded for resentencing. Jurisdiction relinquished.

Wecht, J. did not participate in the consideration of this decision.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2016