J-S72011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RODERICK TODD ALLEN, | |
| Appellant | No. 213 WDA 2014 |

Appeal from the PCRA Order Entered January 14, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007206-1979

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 29, 2016**

This case is before us on remand from our Supreme Court.  After careful review, we reverse the PCRA Court's order denying relief and remand for resentencing.

We previously summarized the relevant factual and procedural history of this case as follows:

> On March 28, 1980, at the conclusion of a jury trial, Appellant was convicted of second-degree murder, robbery, criminal conspiracy, and firearms violations.  On June 30, 1980, he was sentenced to, *inter alia*, a [mandatory] term of life imprisonment.
>
> On September 11, 1980, Appellant filed a *pro se* PCRA petition.  Appellant was appointed counsel.  A hearing was held on May 5, 1981.  Following the hearing, the court reinstated Appellant's right to file a direct appeal *nunc pro tunc*, and his

_____

[*] Retired Senior Judge assigned to the Superior Court.

right to file post-sentence motions. Subsequently, post-sentence motions were filed; they were denied on January 12, 1983. Appellant filed an appeal *nunc pro tunc*, and this Court affirmed Appellant's judgment of sentence on May 24, 1985. ***See Commonwealth v. Allen***, 496 A.2d 848 (Pa. Super. 1985) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 13, 1985.

Appellant filed a *pro se* petition to file a writ of *coram nobis* on January 28, 2003. Counsel was appointed and subsequently filed a motion to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 479 A.2d 568 (Pa. Super. 1984). The court granted counsel's motion to withdraw on September 23, 2003. The petition was dismissed on October 23, 2003. Appellant filed a timely appeal. On June 27, 2005, this Court reversed the trial court's order and remanded the matter for a hearing to determine whether Appellant's claims were time-barred. ***See Commonwealth v. Allen***, 881 A.2d 877 (Pa. Super. 2005) (unpublished memorandum). Counsel was appointed, and a hearing was held on November 6, 2006. The trial court again denied Appellant's petition on December 20, 2006.

Appellant filed a timely appeal through counsel on January 11, 2007. This appeal was docketed as 153 WDA 2007. In addition, Appellant filed a *pro se* notice of appeal on January 15, 2007. This appeal was docketed as 178 WDA 2007. On February 13, 2007, this Court dismissed the appeal docketed at 178 WDA 2007, as it was duplicative of the appeal docketed at 153 WDA 2007.

Before we disposed of the appeal docketed at 153 WDA 2007, Appellant filed a *pro se* PCRA petition on October 27, 2007. The PCRA court denied this petition (for lack of jurisdiction, due to Appellant's appeal pending at 153 WDA 2007) on March 4, 2008. Appellant filed a notice of appeal on March 27, 2008. This appeal was docketed as 1116 WDA 2008; subsequently, this Court granted Appellant's petition to discontinue this appeal on December 8, 2008.

This Court affirmed the PCRA court's order denying Appellant PCRA relief on April 3, 2008. ***See Commonwealth v. Allen***, 954 A.2d 31 (Pa. Super. 2008) (unpublished memorandum). The Pennsylvania Supreme Court denied

Appellant's petition for allowance of appeal on December 2, 2008. **See Commonwealth v. Allen**, 599 A.2d 705 (Pa. 2008).

Appellant filed the instant PCRA petition on August 13, 2012. An amended counseled PCRA petition was filed on November 16, 2012. The court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss on November 8, 2013. The PCRA court dismissed Appellant's petition on January 14, 2014. Appellant filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

**Commonwealth v. Allen**, No. 213 WDA 2014, unpublished memorandum at 1-3 (Pa. Super. filed December 2, 2014) (hereinafter, "**Allen**"), *appeal granted*, *order vacated*, No. 585 WAL 2014, 2016 WL 731982 (Pa. filed Feb. 24, 2016).

It is undisputed that Appellant was a juvenile when he committed his crime(s). **See** PCRA Court Opinion, 5/1/14, at 1 ("On June 30, 1980, Petitioner, a juvenile at the time, was sentenced to a term of life plus five to ten years imprisonment for second degree murder and related offenses."). In his 2012 PCRA petition (hereinafter, "Petition"), which is the subject of the instant appeal, Appellant asserted that he was entitled to resentencing under **Miller v. Alabama**, 132 S.Ct. 2455 (2012). The **Miller** Court held that a *mandatory* sentence of life imprisonment without the possibility of parole violates the Eighth Amendment when imposed on a juvenile. Despite Appellant's fitting **Miller**'s criteria (a juvenile sentenced to a mandatory life-without-parole sentence), the PCRA court denied the Petition as untimely. The PCRA Court found, pursuant to the Supreme Court of Pennsylvania's ruling in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), that

Appellant was not entitled to the retroactive application of the *Miller* decision.

We note that the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In **Allen**, Appellant asserted that the PCRA court had erred when it denied the Petition as untimely, arguing that his **Miller** claim satisfied the retroactivity exception to the PCRA's timeliness requirements as set forth in Section 9545(b)(1)(iii). Nevertheless, we affirmed the PCRA court's denial of Appellant's petition, reasoning:

> [T]he Court's holding in **Miller** did not reach the question of whether its ruling applied retroactively.
>
> Subsequently, the Pennsylvania Supreme Court addressed the issue of the retroactive application of **Miller** in [] **Cunningham**[]. The **Cunningham** Court noted:
>
>> **Teague v. Lane**, 489 U.S. 288, [] (1989) (plurality), delineated a general rule of non-retroactivity for new procedural, constitutional rules announced by the Court … subject to two narrow exceptions…. As relevant here, the exceptions extend to "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense," and "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."
>
> **Cunningham**, 81 A.3d at 4. The Court then held that **Miller** did not "categorically bar a penalty for a class of offenders," and, therefore, **Miller** was not retroactive pursuant to the first **Teague** exception. **Id.** at 10. The Court specifically declined to determine whether **Miller** was retroactive pursuant to the second **Teague** exception (*i.e.*, that **Miller** constituted a

"watershed ruling of criminal procedure"), as the Appellant Miller had not raised that claim. ***Id.***

Neither the United States Supreme Court, nor the Supreme Court of Pennsylvania, has held that the right recognized by the Supreme Court in ***Miller*** applies retroactively. We are thus constrained to conclude that Appellant has failed to plead and prove the exception to the PCRA time bar set forth in section 9545(b)(1)(iii).

***Allen***, at 5-7.

Following our ruling in ***Allen***, Appellant petitioned our Supreme Court for allowance of appeal. On May 1, 2015, our Supreme Court held Appellant's petition pending the outcome of ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016). ***Montgomery*** was decided on January 25, 2016. In ***Montgomery***, the Supreme Court of the United States held that ***Miller*** announced a new substantive constitutional rule that must be applied retroactively on state collateral review. ***Montgomery***, 136 S.Ct. at 736.

Consequently, by order dated February 24, 2016, our Supreme Court simultaneously granted Appellant's petition for allowance of appeal and reversed ***Allen***. That order stated, in pertinent part:

AND NOW, this 24th day of February, 2016, The Petition for Allowance of Appeal is **GRANTED** on the issue of whether Petitioner's sentence violates the prohibition against mandatory life sentences for juvenile offenders announced by the Supreme Court of the United States in ***Miller v. Alabama***, 567 U.S. \_\_\_, 132 S. Ct. 2455 (2012). As a result of the recent holding by that Court that ***Miller*** must be applied retroactively by the States, ***see Montgomery v. Louisiana***, 2016 WL 280758 (U.S. Jan. 25, 2016), the Superior Court's order is **VACATED**, and the case is **REMANDED** for further proceedings consistent with ***Montgomery***.

To the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision

of the Post Conviction Relief Act extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive. **See** 42 Pa.C.S. § 9545(b)(1)(iii).

Order, 2/24/16, at 1 (single page).

Thus, we have been directed by our Supreme Court to reconsider our decision in **Allen** in light of **Montgomery**. In that regard, we are guided by this Court's recent decision in **Commonwealth v. Secreti**, --- A.3d ---, 2016 PA Super 28, 2016 WL 513341 (Pa. Super. filed February 9, 2016). **Secreti** dealt with an identically situated PCRA petitioner, in the sense that he had filed an untimely PCRA petition seeking to invoke **Miller** to satisfy the PCRA's timeliness exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii), but had filed his petition before the **Montgomery** ruling. However, unlike our decision in **Allen**, **Montgomery** was decided while the decision in **Secreti** was still pending. In **Secreti**, this Court held that "the **Miller** rule of law 'has been held' to be retroactive for purposes of collateral review as of the date of the **Miller** decision on June 25, 2012. The date of the **Montgomery** decision (January 25, 2016, as revised on January 27, 2016) will control for purposes of the 60–day rule in Section 9545(b)(2)." **Secreti**, 2016 WL 513341 at *6. Accordingly, the **Secreti** Court reversed the PCRA court order denying relief, vacated Secreti's sentence, and remanded for resentencing. **Id.**

Instantly, Appellant is clearly entitled to the retroactive application of **Miller**, as was afforded in **Secreti** and required under **Montgomery**.

Accordingly, we reverse the PCRA court's order denying relief under **Miller**,

and remand for resentencing.[1]

Order **reversed**. **Remanded** for resentencing. Jurisdiction

**relinquished**.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/29/2016

---

[1] Appellant is entitled to the assistance of counsel for his resentencing proceedings. **Com. ex rel. Wright v. Cavell**, 220 A.2d 611, 614 (Pa. 1966) (noting that sentencing is a critical stage of a criminal proceeding at which a criminal defendant has a constitutional right to counsel). Because Appellant has established his indigency in order to proceed IFP, the trial court upon remand shall appoint counsel to represent Appellant.