J-S88044-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JERMAINE ABRAMS, | : | |
| | : | |
| Appellant | : | No. 262 EDA 2016 |

Appeal from the PCRA Order December 22, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1109861-2002
CP-51-CR-1111452-2002

BEFORE:   OLSON, RANSOM, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.:**FILED FEBRUARY 16, 2017**

Jermaine Abrams (Appellant) *pro se* appeals from the December 22, 2015 order that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We reverse the PCRA court's order, vacate Appellant's judgment of sentence, and remand for resentencing.

In 2004, Appellant was sentenced to life imprisonment without possibility of parole following his conviction for, *inter alia*, first-degree murder based upon events that took place when Appellant was 17 years old. The order from which Appellant filed the instant appeal denied his request for PCRA relief based upon the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), in which the Court held

*Retired Senior Judge assigned to the Superior Court.

unconstitutional mandatory sentences of life imprisonment without possibility of parole imposed upon individuals who were juveniles at the time they committed homicides. The PCRA court determined that the newly-recognized-constitutional-right exception to the PCRA's one-year timeliness requirement provided in 42 Pa.C.S. §9545(b)(1)(iii) did not apply because our Supreme Court held in **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), that **Miller** does not apply retroactively.[1]

While this appeal was pending, the United States Supreme Court decided in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), that **Miller** announced a new substantive rule of law which applies retroactively. Thereafter, this Court held that **Montgomery** renders "retroactivity under **Miller** effective as of the date of the **Miller** decision." **Commonwealth v. Secreti**, 134, A.3d, 77, 82 (Pa. Super. 2016).

Under **Secreti**, Appellant's PCRA petition meets the timeliness exception provided by 42 Pa.C.S. § 9545(b)(1)(iii). Under **Miller**, **Montgomery**, and **Secreti**, Appellant is entitled to PCRA relief in the form

---

[1] Appellant initially filed the PCRA petition subject to this appeal in 2010, upon the United States Supreme Court's decision in **Graham v. Florida**, 560 U.S. 48 (2010), in which the Court held unconstitutional mandatory sentences of life imprisonment without possibility of parole imposed upon individuals who were juveniles at the time they committed non-homicides offenses. Between 2011 and 2014, Appellant filed several addendums, amendments, and various other filings prior to the PCRA court's issuance of its notice of intent to dismiss pursuant to Pa.Crim.P. 907 on November 12, 2015. Because Appellant's petition was pending when **Miller** was decided, we find Appellant is entitled to relief, as stated in more detail *infra*.

of resentencing following judicial consideration of appropriate age-related factors.[2]  *See Commonwealth v. Batts*, 66 A.3d 286, 297 (Pa. 2013).[3]

Appellant is entitled to the assistance of counsel for his resentencing proceedings.  *Com. ex rel. Wright v. Cavell*, 220 A.2d 611, 614 (Pa. 1966) (noting that sentencing is a critical stage of a criminal proceeding at which a criminal defendant has a constitutional right to counsel).  Therefore, upon remand, the trial court shall appoint counsel to represent Appellant.

Order reversed.  Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction relinquished.

---

  The Commonwealth does not contest, and the PCRA court agrees that Appellant's case should be remanded for resentencing.

[3]      [A]t a minimum [the sentencing court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

*Batts*, 66 A.3d at 297 (quoting *Commonwealth v. Knox*, 50 A.3d 732, 745 (Pa. Super. 2012)).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/16/2017