J-S09040-16

2016 PA Super 29

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL DAVID ZRNCIC | |
| Appellant | No. 764 MDA 2015 |

Appeal from the Judgment of Sentence March 30, 2015
in the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002531-2008

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

OPINION BY JENKINS, J.:                    **FILED FEBRUARY 09, 2016**

Michael David Zrncic ("Appellant") appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Cumberland County on March 30, 2015, following this Court's January 29, 2015 remand.[1]  We vacate the judgment of sentence and remand the matter for further proceedings consistent with this opinion.

Between February 14 and April 15, 2008, Appellant had inappropriate contact with a 15-year-old female student at the karate school he owned.[2]

_____

[1] Appellant purports to challenge the trial court's April 10, 2015 denial of his post-sentence motion for modification of the restitution imposed on March 30, 2015.  Appellant actually appeals the restitution imposed, which is the sentence, not the April 10, 2015 denial of his motion for modification of that sentence.  We have amended the caption to reflect the correct procedural posture of this matter.

[2] Appellant also taught high school mathematics.

This conduct included, *inter alia*, Appellant having the victim perform oral sex on him.  Appellant was 31 years old at the time.  Police charged Appellant with one count each of involuntary deviate sexual intercourse ("IDSI")[3] and unlawful contact with a minor,[4] two counts each of aggravated indecent assault[5] and corruption of minors,[6] and three counts of indecent assault.[7]  On November 24, 2008, the Commonwealth gave notice it would proceed under the mandatory sentencing provisions of 42 Pa.C.S. § 9718 and seek a ten-year mandatory minimum sentence for IDSI and a five-year mandatory minimum sentence for aggravated indecent assault.

On January 8, 2009, Appellant entered into a negotiated guilty plea to one consolidated count of aggravated indecent assault with application of a five-year mandatory minimum sentence.  At sentencing on April 28, 2009, the Commonwealth requested, and the trial court entered, an order ordering restitution generally, but without a specific amount, with the understanding the Commonwealth would later file a motion to modify the sentence to

---

[3] 18 Pa.C.S. § 3123(a)(7).

[4] 18 Pa.C.S. § 6318(a)(1).

[5] 18 Pa.C.S. § 3125(a)(8).

[6] 18 Pa.C.S. § 6301(a)(1).

[7] 18 Pa.C.S. § 3126(a)(8).

specify the amount of restitution owed. Accordingly, Appellant's sentence ordered restitution to be determined at a yet-to-be scheduled hearing.

The Commonwealth filed its Motion to Modify Restitution Pursuant to 18 Pa.C.S. § 1106(c)(3) ("Motion to Modify") on May 11, 2009. On May 12, 2009, without conducting a hearing, the trial court modified Appellant's sentence to include restitution payable to the victim's mother in the amount of $2,598.14.[8] The trial court order included a handwritten note that stated: "If [Appellant] contests this order of restitution he should request a hearing within 10 days of this date." Order, May 12, 2009. Appellant did not request a hearing, nor did he appeal the judgment of sentence.

On June 27, 2012, Appellant filed a *pro se* Motion for Correction of Illegal Sentence asserting that a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9718 was inapplicable to aggravated indecent assault, and therefore his sentence was illegal.[9] The trial court treated this motion as a petition pursuant to the Post Conviction Relief Act ("PCRA")[10] and appointed counsel, who filed an amended petition on November 30, 2012. The court

---

[8] The court based this figure on the cost of a replacement computer, unreimbursed karate lessons, and unreimbursed counselling sessions for the victim. *See* Motion to Modify, p. 2.

[9] Appellant raised no issue regarding the restitution order in his June 27, 2012 Motion for Correction of Illegal Sentence.

[10] 42 Pa.C.S. § 9541-9546.

held a hearing on January 23, 2013, and denied the petition on February 20, 2013. Appellant did not appeal this denial.

On December 2, 2013, after allegedly learning on November 18, 2013, that his income was to be garnished due to outstanding restitution, Appellant filed a *pro se* Motion for Modification of Sentence challenging the legality of his sentence relating only to the amount of ordered restitution. He filed an amended motion on January 2, 2014. On January 31, 2014, the trial court treated the motion as a second PCRA petition, determined the restitution issue was waived, and denied the petition as untimely. Appellant filed a Motion for Reconsideration of Court's Ruling on Restitution on February 12, 2014, which the court denied on February 21, 2014. Appellant filed a timely notice of appeal on February 28, 2014.

On January 29, 2015, this Court determined the trial court erred in treating Appellant's motion for modification as a PCRA petition and that the court's original sentence of restitution with the amount to be determined at a future hearing was illegal. This Court reversed the trial court's restitution order and remanded, directing the trial court to conduct a new sentencing hearing limited to the issue of restitution consistent with 18 Pa.C.S. § 1106 and relevant Pennsylvania case law.

The trial court conducted the new sentencing hearing on March 30, 2015, and ordered Appellant to pay restitution in the amount of $1,527.26

to the Victims Compensation Assistance Program and $1,038.77 to the victim.[11]   Appellant timely appealed.

Appellant raises the following issues for our review:

1.   The trial court erred by assigning an initial amount of restitution through a post-sentence hearing.   Since the Commonwealth failed to adhere to their responsibilities delineated in § 1106(c)(3), a restitution amount was not determined at sentencing, and the statute does not allow for an amendment of restitution in such an instance.  Thus the [c]ourt's April 10, 2015 ruling was violative of § 1106.

2.   The trial court violated the Superior Court opinion filed January 29, 2015 which specifically states that any new restitution result must be compliant with § 1106.

3.  The trial court erred by assigning restitution, as it is violative of the general rule of § 1106.  There was no damaged or altered property as a direct result of the conviction offense, and there was no personal injury as defined by this section.

4.  The trial court erred in denying [Appellant] appointed counsel during the sentencing phase of his trial, specifically during his restitution hearing on March 30, 2015 where it became apparent that [Appellant] would have to cross-examine a witness.

Appellant's Brief, p. 6.

Initially, this Court addressed Appellant's first two claims in its January 29, 2015 memorandum decision that remanded the matter to the trial court to conduct a new sentencing hearing.  ***See Commonwealth v. Zrncic***, 420 MDA 2014 (unpublished memorandum), filed January 29, 2015, pp. 6-16 (determining proper remedy where trial court did not set definite restitution

---

[11] The trial court ordered Appellant to pay $150.00 per month towards restitution, fines, and costs.

amount at sentencing was to vacate trial court's restitution order and remand for new sentencing hearing pursuant to 18 Pa.C.S. § 1106 and relevant case law). We need not address these claims anew. *See* *Commonwealth v. Starr*, 664 A.2d 1326, 1331-32 (Pa.1995) (noting the "law of the case" doctrine embodies the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter).

We address Appellant's fourth claim next, as it is dispositive. Appellant argues he deserves a new sentencing hearing, as he was not represented at the March 30, 2015 resentencing. *See* Appellant's Brief, pp. 20-22. Appellant is correct.

Appellant's claim presents a question of pure law. Accordingly, this Court's standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Williams*, 84 A.3d 680, 684 (Pa.2014).

"The right to counsel is enshrined in both the United States and Pennsylvania Constitutions. *See* U.S. Const. Amend. VI; Pa. Const. Art. 1, § 9." *Commonwealth v. Smith*, 69 A.3d 259, 265 (Pa.Super.2013). Over fifty years ago, the Supreme Court of the United States conferred the right to counsel upon indigent defendants in state proceedings. *See* *Commonwealth ex rel. Wright v. Cavell*, 220 A.2d 611, 614 (Pa.1966) (citing *Gideon v. Wainwright*, 372 U.S. 335, 337, 83 S. Ct. 792, 793 (1963)).

- 6 -

> Due process requires counsel be provided at all "critical stages" of a criminal prosecution. ***Coleman v. Alabama****,* 399 U.S. 1, 7, 90 S.Ct. 1999 [] (1970). A "critical stage" is one in which the accused's substantive rights may be affected. ***Commonwealth v. D'Amato****,* [] 856 A.2d 806, 821 ([Pa.]2004).

***Commonwealth v. Wright***, 961 A.2d 119, 133 (Pa.2008); ***see also Cavell***, 220 A.2d at 614 ("This rule applies whenever a critical stage is reached, where rights may be preserved or lost."). "A hearing on a guilty plea or at the time of sentencing is a 'critical stage' in the proceedings against the accused, at which the accused is entitled to be represented by [c]ounsel." ***Cavell***, 220 A.2d at 614; ***see also Smith***, 69 A.3d at 265 ("[t]here is no disputing that there exists a constitutional right to counsel at sentencing." (citations omitted)). Further, as this Court has explained, "restitution is simply not an award of damages but, rather, a sentence." ***Commonwealth v. Pleger***, 934 A.2d 715, 720 (Pa.Super.2007).

Here, Appellant, an indigent, filed a Motion to Appoint Counsel for Sentencing requesting the appointment of counsel following this Court's remand for a new sentencing hearing limited to the imposition of restitution. The trial court denied Appellant's request for counsel by order dated March 13, 2015,[12] and later further explained the denial in open court as follows:

---

[12] The trial court's order reads:

> AND NOW, this 13th day of March, 2015, upon consideration of Defendant's Motion to Appoint Counsel for Sentencing, despite the fact that it would be easier to acquiesce

*(Footnote Continued Next Page)*

> I denied your request in my order of March 13, 2015, because, frankly, I don't believe you're entitled to have counsel for this proceeding.

N.T. 3/30/2015, p. 4.[13]  This was error.  The proceeding ordered by this Court's memorandum decision of January 29, 2015 was not simply a "hearing", as termed by the trial court, nor was it a 18 Pa.C.S. § 1106 hearing regarding already-imposed restitution.  The March 30, 2015 proceeding was a sentencing, albeit limited to restitution.  Accordingly, Appellant was entitled to representation by counsel.  ***See Pleger***, ***Cavell***, ***Wright***, ***supra***.

   The trial court is correct that it would have been easy to acquiesce to Appellant's request for counsel at the ordered resentencing on restitution.  ***See*** Order, 3/13/2015.  It also would have been proper.  The trial court committed error by not appointing counsel at this critical stage.  Accordingly, we must vacate the restitution portion of Appellant's sentence and remand for another resentencing limited to the issue of restitution at which Appellant

*(Footnote Continued)* _____

> in the request and be done with it, we are decidedly convinced that the appointment of counsel is neither required by law nor is it practically necessary for a hearing solely on the matter of restitution.  Finding that the interests of justice do not require this appointment, Defendant's motion for the appointment of counsel is **DENIED**.

Order, 3/13/2015.

[13] We note the trial court's Pa.R.A.P. 1925(a) opinion for the instant appeal, filed April 10, 2015, is silent on Appellant's denial of counsel claim.

has representation, if requested, or a full hearing, if he wishes to proceed *pro se*.[14]

Restitution portion of judgment of sentence vacated. Case remanded for trial court to hold a new sentencing hearing limited to the question of restitution. All other aspects of judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2016

---

[14] Because our determination on Appellant's counsel claim is dispositive in this matter and will result in a new sentencing hearing, we need not address Appellant's remaining claim regarding the restitution awarded at the March 30, 2015 resentencing.