J-A12012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA

v.   :

MICHAEL KARL SUNDAY   :

Appellant   :   No. 1355 WDA 2019

Appeal from the Order Entered August 8, 2019
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000093-2009

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:        **FILED SEPTEMBER 1, 2020**

Appellant, Michael Karl Sunday, appeals from the August 8, 2019 order denying his petition to modify the restitution order that had been imposed at sentencing.  Additionally, Appellant's counsel, George N. Daghir, Esquire, seeks to withdraw from representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm and grant counsel's application to withdraw.

On June 3, 2009, Appellant entered a guilty plea pursuant to a negotiated plea agreement to two counts of theft by unlawful taking[1] related to thefts of a lawn mower, posthole digger, and pallet forks from a farm and garden store in Brookville, Jefferson County.  The total value of the equipment

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3921(a).

that Appellant stole was estimated to be approximately $8,900. Criminal Complaint, 2/11/08; Information, 4/3/09; N.T., 6/3/09, at 4-5.

The trial court sentenced Appellant at count one to a minimum of time served to a maximum of two years less one day of imprisonment followed by three years and one day of probation. Sentencing Order, 6/5/09; N.T., 6/3/09, at 6. In addition, the trial court ordered restitution to four victims totaling $18,617.15 with the total restitution paid out of already seized funds with the balance paid by Appellant on the date of the sentencing hearing. Sentencing Order, 6/5/09; N.T., 6/3/09, at 5-7. At sentencing, the trial court stated that the restitution order was "part of your condition of probation as a rehabilitative measure." N.T., 6/3/09, at 7. As part of the plea agreement, the Commonwealth agreed to not seek a fine in light of the amount of restitution that Appellant agreed to pay. Plea Agreement, 6/5/09.[2] At count two, the court sentenced Appellant to five years of probation to run concurrently to the sentence at the first count. Probation Order, 6/5/09; N.T., 6/3/09, at 7.

Appellant was subsequently charged with and convicted of a driving under the influence ("DUI") offense. Following a *Gagnon II*[3] hearing, the trial court entered an order on January 5, 2012 resentencing Appellant at count one to nine months to seven years of imprisonment and at count two to

---

[2] The trial court in fact ordered Appellant to pay a fine of $1 at each count. Sentencing Order, 6/5/09; Probation Order, 6/5/09.

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

two years of probation to run consecutively to the sentence at count one. The trial court also directed that the restitution order set forth in the original sentence shall remain the same. Appellant appealed, and this Court affirmed the judgment of sentence. *Commonwealth v. Sunday*, No. 266 WDA 2012 (Pa. Super. filed June 19, 2013).

While on parole, Appellant was charged and convicted of a second DUI offense. On May 2, 2017, after a *Gagnon II* hearing, the trial court revoked Appellant's probation and sentenced him to a term of one and a half to three years of imprisonment at count one. The court did not disturb the restitution order. On June 29, 2017, Appellant filed a motion for leave to appeal the revocation of probation order, which the trial court denied.

On December 15, 2017, Appellant filed a *pro se* "Petition for Return of Restitution." The trial court denied the petition on December 18, 2017. Appellant sought reconsideration of the order, which the trial court denied. Appellant then filed a motion to proceed *in forma pauperis* and to have an attorney appointed for him; the trial court denied this motion on January 10, 2018. As a result of the denial of Appellant's motion to proceed *in forma pauperis* and Appellant's failure to pay the filing fee associated with the notice of appeal, Appellant did not perfect an appeal of the trial court's December 18, 2017 order.[4]

_____

[4] On February 8, 2018, Appellant filed an "Application for Leave to File Original Process" in this Court, docketed at 17 WDM 2018, in which he sought to

On April 4, 2019, Appellant filed a *pro se* "Petition for a Modification of the Restitution Order"; the lower court initially treated the filing as a petition under Post Conviction Relief Act ("PCRA")[5] and appointed Attorney Daghir to represent Appellant. Upon motion by counsel, the court entered an order treating Appellant's petition as a petition for modification of a restitution order under Section 1106(c)(3) of the Crimes Code[6] rather than as a PCRA petition.[7]

_____

compel the trial court to transmit his notice of appeal of the December 18, 2017 order to this Court. This Court directed Appellant's motion to compel to the trial court. On May 29, 2018, the trial court entered an order denying the motion, explaining that Appellant's "Notice of Appeal was never filed as [he] did not send the filing fee and was denied *in forma pauperis* status. As such, the Notice no longer exists and therefore the Clerk of Courts cannot be compelled to forward it." Order, 5/29/18.

[5] 42 Pa.C.S. §§ 9541-9546.

[6] This statute provides as follows:

The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S. § 1106(c)(3). A petition for modification or amendment of a restitution order may be filed "at any time" unlike a PCRA petition which is subject to a one-year time bar. *Id.*; *Commonwealth v. Gentry*, 101 A.3d 813, 816 (Pa. Super. 2014); *compare* 42 Pa.C.S. § 9545(b) (PCRA petition must be filed within one year of date of judgment becomes final, subject to limited statutory exceptions).

[7] We note that it is unclear whether Appellant was entitled to the appointment of counsel in this matter. A constitutional right to counsel attaches at all "critical stages" of a criminal proceeding; "[a] 'critical stage' is one in which the accused's substantive rights may be affected." *Commonwealth v.*

- 4 -

On May 24, 2019, Appellant filed a motion for an evidentiary hearing regarding his request to modify the restitution order. After holding a short hearing, the trial court entered an order on August 8, 2019 denying Appellant's request for a hearing to challenge the restitution order. Appellant filed a timely appeal of this order.[8]

Before this Court can consider the merits of this appeal, we must first determine whether Attorney Daghir has satisfied the requirements for withdrawal. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*). To withdraw, counsel must (1) petition the court for leave

---

*Zrncic*, 131 A.3d 1008, 1011 (Pa. Super. 2016) (citation omitted). Sentencing is a critical stage in a criminal proceeding, *Commonwealth v. Fill*, 202 A.3d 133, 138 (Pa. Super. 2019), and this Court has held that the right to counsel attaches to a sentencing hearing limited to the issue of restitution. *Zrncic*, 131 A.3d at 1011-12. However, in so holding, we distinguished this case from proceedings where a motion is made to modify an already imposed order of restitution pursuant to Section 1106 of the Crimes Code. *See id.* at 1012 ("The [resentencing hearing limited to the issue of restitution] was not simply a 'hearing', as termed by the trial court, nor was it a 18 Pa.C.S. § 1106 hearing regarding already-imposed restitution."). In light of our resolution of this case, we need not resolve the issue of whether Appellant had a constitutional right to counsel for his petition to modify his restitution order.

[8] As Appellant recognized in his notice of appeal, the trial court characterized its August 8, 2019 order as denying the motion for a hearing on the request for a modification of restitution rather than the underlying motion for modification. Notice of Appeal, 9/4/2019. However, the trial court made clear at the hearing that it was in fact denying Appellant's request to modify the amount of restitution set in his original sentence. N.T., 8/8/19, at 5-7.

On September 9, 2019, the trial court entered an order directing Appellant to file a concise statement of errors complained of appeal pursuant to Pa.R.A.P. 1925. On September 13, 2019, Attorney Daghir filed statement of his intent to file an *Anders*/*Santiago* brief. *See* Pa.R.A.P. 1925(c)(4).

to withdraw stating that she has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) provide a copy of the **Anders** brief to the appellant; and (3) advise the appellant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. **Id.** at 1195-96.

In the **Anders** brief, counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of proceedings before the trial court and render an independent judgment as to whether the appeal is wholly frivolous. **Yorgey**, 188 A.3d at 1196.

In this case, Attorney Daghir filed an application to withdraw, wherein he asserts that he has made a conscientious review of the record and determined that Appellant's appeal from the trial court's August 8, 2019 order would be frivolous. Application to Withdraw, 12/5/19. Counsel appended to the application a copy of a December 4, 2019 letter in which he provided Appellant with a copy of his **Anders** brief and advised him of his right either to retain new counsel or to proceed *pro se* on appeal and raise any points he

deems worthy of this Court's attention; Appellant filed a *pro se* response to the ***Anders*** brief in this Court.[9] ***Id.***, Exhibit A. In the ***Anders*** brief, Attorney Daghir summarized the procedural and factual background of this case, stated that there were no non-frivolous appellate issues, and explained the reasons for this determination. We therefore conclude that Attorney Daghir has complied with the requirements of ***Anders*** and ***Santiago*** and proceed to a review of the merits of this appeal.

In this matter, Appellant first filed a "Petition for Return of Restitution" pursuant to Section 1106(c)(3) of the Crimes Code on December 15, 2017. In that petition, Appellant averred that the Commonwealth failed to prove that he owed restitution of $18,617.15 when he had only pleaded guilty to taking three pieces of equipment valued at $8,900. The trial court entered an order on December 18, 2017 denying this petition, but Appellant did not perfect an appeal of the order. On April 4, 2019, Appellant filed the instant "Petition for a Modification of the Restitution Order," also pursuant to Section 1106(c)(3) and asserting the same rationale for modification of the restitution order as raised in the earlier petition.

---

[9] Attorney Daghir subsequently filed an amended application to withdraw in which he corrected a clerical error in the original application and addressed issues raised by Appellant in a *pro se* application to this Court seeking copies of documents from the trial court record; Counsel appended to the amended application a copy of a February 4, 2020 letter demonstrating that he served a copy of the amended application to withdraw on Appellant. Amended Application to Withdraw, 2/7/20.

In light of the fact that Appellant previously raised the identical issue in his 2017 petition, we are constrained to conclude that Appellant is collaterally estopped from seeking modification of the restitution order in the instant 2019 petition.[10]  The doctrine of collateral estoppel, also referred to as issue preclusion, prevents the relitigation of issues raised in previous actions even where the issue is raised in a different cause of action than originally brought. **Balent v. City of Wilkes-Barre**, 669 A.2d 309, 313 (Pa. 1995).  Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.  **Weissberger v. Myers**, 90 A.3d 730, 733 (Pa. Super. 2014).

Pursuant to Section 1106(c)(3), a defendant as to whom restitution was required at sentencing may "at any time" file a petition in the trial court to modify or amend the restitution order.  18 Pa.C.S. § 1106(c)(3); **Commonwealth v. Gentry**, 101 A.3d 813, 816 (Pa. Super. 2014).  "Our case law in this Commonwealth establishes that [this] statute creates an independent cause of action for a defendant to seek a modification of an

_____

[10] The Commonwealth raised a collateral estoppel defense to Appellant's petition at the August 8, 2019 hearing.  N.T., 8/8/19, at 4.

existing restitution order." ***Gentry***, 101 A.3d at 816. Here, when the trial court denied Appellant's "Petition for Return of Restitution" on December 18, 2017, this was a final appealable order. ***Id.*** (citing Pa.R.A.P. 341(b)(1) and holding that an order that denied all issues raised in a petition to modify or amend a restitution order was a final appealable order). Appellant, however, did not perfect an appeal from this trial court order, and the trial court's resolution of Appellant's petition thus became final. ***Gardner v. Consolidated Rail Corp.***, 100 A.3d 280, 282-83 (Pa. Super. 2014) (failure to file a timely appeal from a final order results in that order having preclusive effect in future litigation). Instead, Appellant filed the instant "Petition for a Modification of the Restitution Order" approximately one and a half years later, asserting the same arguments previously raised and rejected by the trial court. Because Appellant had a full and fair opportunity to litigate his claim for a modification of the restitution order in his 2017 petition resulting in a final judgment on the merits against him, he was estopped from filing a later petition to modify on the same grounds as previously raised.

Accordingly, upon our independent review of the record, we are persuaded that Appellant has no issues of arguable merit that he could pursue on appeal. We therefore affirm the trial court's August 8, 2019 order and grant counsel's application to withdraw.

Order affirmed. Application to withdraw granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/1/2020